UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORA BELL-FIELD,

     Plaintiff,

v.

CASE No. 8:10-CV-402-T-27TGW

STATE OF FLORIDA, et al.,

     Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Motion Requesting Appointment of Counsel, which also includes a request to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 3). The complaint alleges primarily civil rights violations related to the plaintiff's brother's incarceration (Doc. 1). Because the complaint fails to state a claim upon which relief may be granted, I recommend that the plaintiff's complaint (Doc. 1) be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit

that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint is a rambling, disjointed narrative which does not comply with the Federal Rules of Civil Procedure. Specifically, the plaintiff's complaint does not contain a short plain statement of the claim, or delineate the alleged causes of action into counts with the pertinent facts supporting each claim. See Rules 8(a), 10(b), F.R.Civ.P.

Further, it does not state a cognizable claim. The complaint alleges civil rights and other claims related to her brother's incarceration in prison. She has not stated any basis for asserting these claims on her brother's behalf. See Flast v. Cohen, 392 U.S. 83, 88 n.20 (1968)(a general standing limitation imposed by federal courts is that a litigant will ordinarily not be permitted to assert the rights of absent third parties).

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on

-2-

which relief may be granted. Accordingly, the complaint should be dismissed. §1915(e)(2)(B)(ii); Thompson v. Adamson, 2007 WL 2415185 at *1 (11th Cir. 2007)(unpub. dec.)(citing Neitzke v. Williams, 490 U.S. 319, 324-25(1989)(federal courts have discretion to dismiss pro se complaints if they lack an arguable basis in fact or in law)).

In all events, the request for appointment of counsel should be denied, as the plaintiff has failed to satisfy the stringent requirements for appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Thus, in support of this motion, the plaintiff merely states that she is not an attorney and this case is very stressful (Doc. 3, p. 1). This is patently insufficient, as that is the case for virtually every pro se litigant.

Respectfully submitted,

THOMAS G. WILSON
DATED: March 29, 2010    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).